# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 15, 2019

| | | |
|---|---|---|
| ELLEN HONEA, | * | No. 17-1180V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs |
| Respondent. | * | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 31, 2017, Ellen Honea ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that the influenza ("flu") vaccine petitioner received on November 4, 2015, caused her to suffer from Guillain-Barré syndrome ("GBS"). On March 18, 2019, the parties filed a stipulation for award, which the undersigned adopted as her Decision awarding damages on the same day. ECF No. 34.

On April 4, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 38 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $22,060.09

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(representing $21,603.00 in fees and $457.09 in costs). Fees App. Ex. 2 at 2. Pursuant to General Order No. 9, Petitioner warrants that she has not incurred any costs related to the prosecution of her petition. Fees App. at 3. Respondent responded to the motion on April 5, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 39). Petitioner filed a reply on April 5, 2019, reiterating her belief that the requested amount of fees and costs is reasonable. Reply at 2, ECF No. 40.

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   **a.  Hourly Rates**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests the following rates for the work of her counsel: for Mr. Jeffrey Pop, $420.00 per hour for all work performed, for Ms. Alexandra Pop, $225.00 per hour for all work performed, and for law clerks, $125.00 per hour for all work. Fees App. Ex. 2 at 2. These rates are consistent with what Mr. and Ms. Pop have previously been awarded for their work in the Vaccine Program. *See Thomas v. Sec'y of Health & Human Servs.*, No. 16-767V, 2018 WL 6292265, at *2 (Fed. Cl. Spec. Mstr. Oct. 31, 2018). Accordingly, the requested hourly rates are reasonable.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours (91.6) to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review the undersigned does not find any of the billing entries to be unreasonable. Respondent has also not indicated that he finds any of the billing entries to be unreasonable. Accordingly, petitioner is entitled to final attorneys' fees in the amount of **$22,060.09**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $457.09 in attorneys' costs. Fees App. Ex. 2 at 2. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Petitioner has submitted adequate documentation to support the requested costs and all are reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of requested attorneys' costs.

## II. Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

---

[3] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

| | |
|---|---|
| Attorneys' Fees Requested | $21,603.00 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$21,603.00** |
| | |
| Attorneys' Costs Requested | $457.09 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$457.09** |
| | |
| **Total Attorneys' Fees and Costs** | **$22,060.09** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $22,060.09, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Jeffrey Pop.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

   **IT IS SO ORDERED.**

                                        s/Herbrina D. Sanders
                                        Herbrina D. Sanders
                                        Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).